[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON EXCEPTIONS TO THE REPORT OF THEATTORNEY TRIAL REFEREE: OBJECTIONS TO THE EXCEPTANCE OF THEREPORT OF THE ATTORNEY TRIAL REFEREE AND MOTION FOR JUDGMENT ONTHE REPORT
The present action arises out of the purchase, by the individual plaintiff, of a motor vehicle from the defendant. Individual plaintiff returned the vehicle to the defendant on a number of occasions complaining that the vehicle pulled to the left when the brakes were applied. After picking up the vehicle from the defendant, the plaintiff applied the brakes and the vehicle pulled to the left striking a guard rail causing property damage to the motor vehicle. The matter was submitted to an attorney trial referee (ATR) who found for the plaintiffs in the amount of $3,716.41 representing the cost to repair the vehicle paid by the corporate plaintiff to its insured, the individual plaintiff, and the $200 deductible interest of the individual plaintiff. In addition the ATR awarded certain costs and fees to CT Page 13290 the plaintiff as hereinafter discussed.
The defendant has excepted to the report of the ATR seeking addition of numerous facts which are claimed to be admitted or undisputed. The defendant also claims that the finding of the ATR, in paragraph 15, (that the loss of control of the vehicle was caused by the brakes locking) found without evidence.
The defendant claims that the cause of the collision could related to three possible factors, to wit: underinflated tires: driver error and braking system. The defendant claims that the testimony and the report of the plaintiff's expert was improperly allowed because the witness was not qualified to give an opinion.
The witness, Mr. Cei, testified that he is employed with the Spectrum Engineering Group where he has two functions: the first is to reconstruct motor vehicle accidents and the second to inspect the vehicles for operational functional defects. He graduated from Bryant College with a degree in Science and Criminal Justice. He has an Associates Degree in mechanical engineering from the University of New Haven and is currently completing a Bachelors Degree in mechanical engineering. He was a police officer in Wallingford, Connecticut from 1980-1987 and the last five years with the department he personally investigated approximately 1500 motor vehicle accidents and became a field training officer and an adjunct instructor for the Police Academy. He has been involved in motor vehicle accident investigation while working for Spectrum since 1987. Since 1980 he has attended numerous schools in accident reconstruction and lectured twice in after-accident mechanical vehicle inspections. He is a fully accredited accident reconstructionist through an organization which requires a written and practical examination and a member of other societies. Mr. Cei presented a topic for the institute of police technology at the University of North Florida regarding inspection of vehicles following an accident and that presentation was divided into several sections one of which was braking. Mr. Cei indicated that he investigated the accident which was the subject of the present law suit as well as the vehicle in question. Upon examination by counsel for the defendant, Mr. Cei testified that he has never before performed brake repair work as a mechanic or brake repairer; that he has taken apart brakes and put them back again usually with the assistance of a master mechanic. Mr. Cei also he always uses a master mechanic to take brake systems apart but he has done it himself on a number of occasions but he does not hold himself out CT Page 13291 as a brake expert. He also testified that defective brakes would be a logical conclusion after reading his report relating to the accident.
Thereafter, over the defendants objections as to lack of qualifications the report of Mr. Cei was admitted into evidence and he testified with respect to the case.
Based upon the testimony of Mr. Cei there was not error for the ATR to allow testimony by him and any claims by the defendant as to qualifications would go to the weight of his testimony not its admissibility. See State v. Hasan205 Conn. 485, 488 (1987).
Having decided that there was no error in the admission of the testimony of Mr. Cei, the remainder, except as hereinafter discussed, of the defendant's motion to correct would either not change the result or constitutes an attempt to insert the defendant's version of the cause of the accident.
The defendant asserts that the ATR awarded plaintiffs $1852.00 for an investigation and analysis of the cause of the action and $400.00 for testimony and that such awards are unwarranted. General Statutes § 52-257 (a)(3) provides for fees in certain "not to exceed $200.00". The investigative fees and a fee for testifying are not a "legal fee and mileage" within the meaning of General Statutes § 52-257 (b)(3) as claimed by the plaintiff.
Accordingly, the report of the ATR is hereby accepted with the exception that investigative fees are limited to $200.00 and no fee is to be awarded for testimony or preparing for testimony.
RUSH, JUDGE